UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SERENA T. ROHRMANN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| LINDA STRUMPF, HAL SIEGEL, | ) | JURY TRIAL DEMANDED |
| individually and U.S. EQUITIES CORP., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | September 10, 2008 |

## COMPLAINT

1. This is an action for damages and declaratory relief by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., (hereinafter "FDCPA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. (hereinafter "CUTPA"), and intentional infliction of emotional distress.

## PARTIES

2. The Plaintiff, Serena T. Rohrmann (hereinafter "Mrs. Rohrmann"), is a natural person residing at 79 White Oak Shade Road, New Canaan, CT 06840. Mrs. Rohrmann is a consumer as defined by the FDCPA, 15 U.S.C. 1692a(3).

3.	Defendant Linda Strumpf (hereinafter "Strumpf") is a collection attorney regularly engaged in the collection of debts in this state and is a debt collector as defined by the FDCPA, 15 U.S.C. 1692a(6), with her principal place of business located at 244 Colonial Road, New Canaan, CT 06840.

4.	On information and belief, Defendant Hal Siegel (hereinafter "Siegel") is the President and owner of U.S. Equities Corp. (hereinafter "US Equities"), a debt collection agency regularly engaged in the collection of debts in this state.  Both Siegel and US Equities are debt collectors as defined by the FDCPA, 15 U.S.C. 1692a(6).  US Equities' principal place of business is located at 244 Colonial Road, New Canaan, CT 06840. Additionally, upon information and belief, Siegel is also the office manager of Strumpf's law firm, and Strumpf's husband.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367.

6.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

7.	In or around September 2004, Defendant Strumpf, on behalf of US Equities, filed an Endorsed Complaint (hereinafter "Complaint") in the Civil Court of the City of New

York, County of Queens, against Mrs. Rohrmann for an alleged debt in the amount of $10,654.04, plus twenty-one percent (21%) interest from November 13, 1998. A copy of the Complaint is attached hereto as Exhibit "A."

8. The above-mentioned lawsuit was brought in the wrong venue, as Mrs. Rohrmann never resided in Queens.

9. Additionally, Mrs. Rohrmann was never served with the Summons or Complaint. A copy of the Summons is attached hereto as Exhibit "B."

10. The affidavit of service from the process server recites that Mrs. Rohrmann was served by leaving a copy of the Summons and Complaint with a person of suitable age at 8406 Doan Avenue, Ridgewood, New York. A copy of the affidavit of service from the process server is attached hereto as Exhibit "C."

11. Mrs. Rohrmann has never resided or worked or maintained a place of business or abode at the above address.

12. The Complaint alleged that Mrs. Rohrmann had a loan agreement/charge or credit card with Chase Manhattan Bank, and that Mrs. Rohrmann failed to pay a sum of $10,654.04 plus twenty-one percent (21%) interest from November 13, 1998, said sum was allegedly loaned pursuant to the agreement.

13. Mrs. Rohrmann has never had a loan agreement/charge or credit card with Chase Manhattan Bank.

14. In or around December 2004, Defendant Strumpf obtained a Default Judgment against Mrs. Rohrmann in the amount of $16,564.59. A copy of the Default Judgment is attached hereto as Exhibit "D."

15. On or about September 11, 2007, Defendant Strumpf served upon Mrs. Rohrmann's bank, Bank of America, a restraining order on Mrs. Rohrmann's bank accounts in an effort to collect on the Default Judgment.

16. Upon information and belief, the restraint placed on the accounts was twice the amount of the judgment obtained.

17. Thereafter, when Mrs. Rohrmann attempted to make a withdrawal from her checking account, she discovered that her accounts had been frozen, and for the first time, she learned of the Default Judgment entered against her.

18. Counsel for Mrs. Rohrmann, John F. Carberry ("Attorney Carberry") called the Law Office of Linda Strumpf to inquire about the alleged debt. Defendant Siegel answered the phone and although he said he would do so, failed and refused to provide information or documentation substantiating the debt. Attorney Carberry informed Siegel that Mrs. Rohrmann never had a loan agreement/charge or credit card with Chase Manhattan Bank, and that Mrs. Rohrmann was never served with a copy of the Summons and Complaint.

19. On September 20, 2007, Attorney Carberry wrote a letter to Siegel at US Equities and requested a copy of the restraining order or other documents served on Mrs.

Rohrmann's accounts, as well as any documents that may substantiate the debt alleged. A copy of the letter from Attorney Carberry to Siegel is attached hereto as Exhibit "E."

20. Through the present date herein, Siegel, Strumpf, and US Equities have failed to provide a copy of the restraining order or any other documentation served upon Bank of America, or any documents that may substantiate the debt.

21. On or about October 9, 2007, Mrs. Rohrmann moved to vacate the Default Judgment entered against her in the Civil Court of the City of New York, County of Queens.

22. Thereafter, on or about October 24, 2007, Strumpf notified Bank of America, by letter, that it was authorized to release the restraint on sums over $21,000 on Mrs. Rohrmann's accounts. A copy of said letter is attached hereto as Exhibit "F."

23. Siegel further agreed not to take any action to enforce the Default Judgment until he was able to substantiate the claims that Mrs. Rohrmann in fact owed the debt.

24. Siegel has never produced any documentation or other proof that Mrs. Rohrmann owed the debt as claimed.

25. On December 21, 2007, Strumpf sent a letter to Bank of America stating that it was authorized to release the restraint on Mrs. Rohrmann's accounts.

## FIRST COUNT - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO EACH NAMED DEFENDANT

26. The allegations in paragraphs 1-25 in this pleading are incorporated as if fully set forth herein.

27. Defendant Strumpf failed to communicate with Mrs. Rohrmann in regards to the alleged debt, and validate such debt, in violation of 15 U.S.C. 1692g(a). Strumpf never communicated the existence of any such debt, the amount of any such debt, the name of the creditor to whom the alleged debt is owed or a statement that the consumer has 30 days to dispute the debt in writing.

28. Defendant Strumpf, without ever serving a Summons and Complaint upon Mrs. Rohrmann, simply obtained a Default Judgment, and thereafter served a restraining order on Mrs. Rohrmann's bank accounts.

29. Moreover, even after Attorney Carberry contacted Siegel regarding validation of the debt on or about September 14, 2007, the Defendants failed to provide any such validation in violation of 15 U.S.C. 1692g(a).

30. Defendants violated the FDCPA, 15 U.S.C. § 1692d by engaging in conduct which natural consequence was to harass, oppress or abuse Mrs. Rohrmann.

31. Defendants violated the FDCPA, 15 U.S.C. § 1692e(2), by falsely representing that Mrs. Rohrmann owed a debt in the amount of $16,564.59.

32. Upon information and belief, Defendants violated the FDCPA, 15 U.S.C. § 1692e(5), by attempting to collect an alleged debt when Defendants did not have a proper license from the State of Connecticut to collect such debt, in violation of the Connecticut Consumer Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-801.

33. Defendants violated the FDCPA, 15 U.S.C. §§ 1692e(8), (10), by communicating false credit information and deceptively attempting to collect an alleged debt when such debt was not that of Mrs. Rohrmann.

34. Defendants violated the FDCPA, 15 U.S.C. § 1692f(1), by attempting to collect an alleged debt not authorized by contract or law.

35. Defendants violated the FDCPA, 15 U.S.C. § 1692f(1), (6), by taking legal action on a non-existent debt, instituting a lawsuit without proper service of the Summons and Complaint, and serving a restraining order on Mrs. Rohrmann's Bank of America accounts when Defendants had no such right or authority to do so.

36. Defendant Strumpf violated the FDCPA, 15 U.S.C. § 1692i(a), by bringing an action in the Civil Court of the City of New York, County of Queens, a judicial district where Mrs. Rohrmann did not reside.

37. As a direct and proximate result of Defendants' actions, Mrs. Rohrmann has been injured and is entitled to damages.

## SECOND COUNT - VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT AS TO EACH NAMED DEFENDANT

38. The allegations in paragraphs 1-37 in this pleading are incorporated as if fully set forth herein.

39. The Defendants' actions, as described herein, are a violation of the FDCPA, and constitute unfair or deceptive trade practices within the meaning of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq.

40. Upon information and belief, the Defendants, in acting without a proper collection agency license, are in violation of the CCPA, and such action without a license constitutes an unfair or deceptive trade practice within the meaning of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq.

## THIRD COUNT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. The allegations in paragraphs 1-40 in this pleading are incorporated as if fully set forth herein.

42. The Defendants intended to inflict emotional distress on Mrs. Rohrmann, or, in the alternative, they knew or should have known that severe emotional distress was the likely result of their conduct.

43. The Defendants' actions, in instituting a lawsuit without proper service of the Summons and Complaint, serving a restraining order on Mrs. Rohrmann's accounts, and refusing to release such restraint, were extreme and outrageous.

-9-

44. The Defendants conduct directly and proximately caused Mrs. Rohrmann's severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Rohrnmann prays for judgment as follows:

    A.    FDCPA statutory damages against each Defendant;

    B.    Punitive damages, including those recoverable pursuant to the CUTPA;

    C.    Compensatory damages on each and every claim;

    D.    Attorneys fees and costs pursuant to the FDCPA and the CUTPA;

    E.    Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

THE PLAINTIFF,
SERENA T. ROHRMANN
BY CUMMINGS & LOCKWOOD LLC
HER ATTORNEYS

By *[signature]*
John F. Carberry (ct02881)
David T. Martin (ct27581)
Six Landmark Square
Stamford, CT 06901
Tel.: 203-327-1700
Fax: 203-351-4535
E-mail: jcarberry@cl-law.com

2467317_1.doc 9/10/2008